IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAIRY PRODUCERS OF NEW MEXICO,

    Plaintiff,

vs.                                                            No. CIV 99-568 MV/DJS

DAN GLICKMAN, SECRETARY, UNITED
STATES DEPARTMENT OF
AGRICULTURE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Objection to the Administrative Record, filed July 30, 1999, [**Doc. No. 20**]. The Court, having considered the objection, response, reply, relevant law, and being otherwise fully informed, finds that the objection not well-taken and will be **OVERRULED**, as explained below.

### BACKGROUND

Plaintiff Dairy Producers of New Mexico ("Dairy Producers") is a trade association representing dairy farmers in New Mexico and Western Texas. Dairy Producers brought suit against the Secretary of Agriculture, Dan Glickman, ("Secretary"). At issue is an emergency farm subsidy to dairy farmers in the amount of $200 million. In October of 1998, Congress enacted the "Omnibus Consolidated and Emergency Supplemental Appropriations Act, 1999," Pub. Law 105-277, 112 Stat. 2681 (October 21, 1998). The Act provides for more than $3 billion in emergency aid to farmers for market loss during the preceding year. Title XI, Agriculture Appropriations

1

Act, § 1111(a). The statute further provides that some, "$200 million shall be available to provide assistance to dairy producers in a manner determined by the Secretary." Title XI, Agriculture Appropriations Act, § 1111(d). This provision is referred to by the parties as the Dairy Market Loss Assistance programs ("DMLA program")

On May 10, 1999, the Commodity Credit Corporation (who is empowered to disburse the farm subsidy) issued a final rule implementing the DMLA program. 64 Fed. Reg. 24,933-24,936. According to Dairy Farmers, the regulations issued under the DMLA program designated proportionally more aid to small dairy farmers than the amount of milk produced. Dairy Producers challenges this regulation under the Administrative Procedures Act, 5 U.S.C. § 706, arguing that the Secretary's decision to favor small dairy producers is arbitrary and capricious and violates the Equal Protection Clause, and that the statute unconstitutionally delegates too much authority to the Secretary.

On June 10, 1999, this Court denied Dairy Producers' Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction, on the grounds that Dairy Producers had not shown that permanent harm would result if the farm subsidies were distributed pursuant to the DMLA program. In a separate June 10, 1999, Order, this Court instructed Defendant Secretary of Agriculture to file a certified copy of the administrative record, and directed Dairy Producers to file any objections challenging the accuracy or completeness of the record. Pursuant to the Court's Order, Dairy Producers filed certain objections to the administrative record certified by Defendant Secretary. Dairy Producers asserts specifically that: (1) the Court's judicial review of the informal rulemaking proceedings should be confined to the record disclosed in the Federal Register, rather than to include the entire administrative record certified by the Secretary;

2

(2) absent any formal record keeping there is no way to independently determine the completeness of the record and ascertain which documents were considered by the Secretary in making the decision; and (3) the record is incomplete because a certain letter submitted by Dairy Producers was not included in the administrative record. Dairy Producers asks the Court to allow limited discovery to verify that the certified record is in fact complete. Defendant disputes Dairy Producers' contentions and argues that the administrative record certified by the Secretary is complete and is entitled to a presumption of accuracy by the Court. Defendant further argues that discovery is inappropriate in an APA action, absent some specific proof of incompleteness or bad faith.

## STANDARD OF REVIEW

A district court reviews an agency action to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A review under this standard is generally based on the full administrative record that was before all decision makers at the time of the decision. *See Citizens to Preserve Overton Park., Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The district court must have before it the entire record upon which the agency acted. *See Bar MK Ranches v. Yeutter*, 944 F.2d 735, 739 (10th Cr. 1993). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Of course, there is nothing improper with an "agency compiling and organizing the complete administrative record after litigation has begun from all the files of the staff involved in the agency action, as long as the record contains documents considered by the staff prior to the agency action." *Preserve Endangered Areas of Cobb's History v. U.S. Army Corp of Engineers*, 87 F.3d

3

1242, 1246 n.2 (11th Cir. 1996). The complete administrative record consists of all documents and materials directly or indirectly considered by the agency. *Bar MK Ranches*, 944 F.2d at 739.

An agency may not unilaterally determine what constitutes the administrative record. *Id.* Nor can an agency supplement the record submitted to the district court with post hoc rationalizations for its decision. *See American Textile Mfrs. v. Donovan*, 452 U.S. 490 (1981). However, the designation of the administrative record, like any established administrative procedure, is entitled to a presumption of administrative regularity. *See Bar MK Ranches*, 944 F.2d at 740; *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir. 1985). The court assumes the agency properly designated the administrative record absent clear evidence to the contrary. *See Id.* When a showing is made that the administrative record may not be complete, limited discovery is appropriate to resolve that question. *See Bar MK Ranches*, 944 F.2d at 740.

## ANALYSIS

As previously stated, Dairy Producers objects to the administrative record certified by the Secretary on essentially three grounds: (1) that the administrative record should be limited to the material published in the Federal Register; (2) absent any formal record keeping there is no way to independently determine the completeness of the record and ascertain which documents were considered by the Secretary in making the decision; and (3) the record is incomplete because a certain letter submitted by Dairy Producers was not included in the administrative record. The Court will address each of these objections in turn.

### 1. Submission of Materials Not Included in Federal Register

Dairy Producers first argues that the administrative record should be limited to materials published in the Federal Register. Dairy Producers contends that allowing the administrative

4

record to include items not disclosed in the Federal Register constitutes impermissible post hoc rationalization of the reasons supporting the agency's promulgation of the DMLA rule.

The Court is aware of no case law supporting Dairy Producers' argument that the administrative record should be limited to the materials in the Federal Register. Although Dairy Producers correctly asserts that the Court should not consider post hoc rationalizations, *see Motor Vehicles Mfrs. v. State Farm*, 463 U.S. 29, 50 (1983), there is simply no case law requiring an agency to submit only the published Federal Register as its administrative record. To the contrary, the Supreme Court established that under the APA, "agencies typically compile records in the course of informal agency action. The APA specifically contemplates judicial review on the basis of the agency record complied in the course of informal agency action in which a hearing has not occurred." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). It is true that the administrative record should include only the material considered by the federal agency in arriving at its decision, rather than material which offers a post hoc justification for the decision. *See Motor Vehicles Mfrs. v. State Farm*, 463 U.S. 29, 50 (1983). However, the mere fact that the materials included in the administrative record were not published in the Federal Register does not render the materials to be impermissible post hoc rationalizations. Rather, the Secretary certified that the materials provided in the administrative record, constituted the material relied upon in reaching its decision under the DMLA program. This administrative record is presumed to be correct, absent clear evidence to the contrary. *See Bar MK Ranches*, 944 F2d at 740.

2. **Lack of Formal Record Keeping to Verify Completeness of Administrative Record**

Dairy Producers next objects that absent any formal record keeping there is no way to

independently determine the completeness of the record and ascertain which documents were considered by the Secretary in making the decision. By way of example, Dairy Producers points to certain materials predating the passage of the Agricultural Appropriations Act which it asserts are irrelevant; certain undated materials which, according to Dairy Producers, raise concerns as to whether they were available to the Secretary at the time of the decision; and certain materials which were not mentioned in the DMLA decision.

Dairy Producers' objection concerning the lack of formal record keeping amounts to speculation. There is no requirement under the APA that an administrative agency keep records in a specific way to preserve an administrative record. The mere fact that certain materials are undated, or were not mentioned in the DMLA decision, does not mean that they were not considered by the Secretary. It is mere conjecture to suggest otherwise based upon a lack of formal record keeping. As the Court has repeatedly emphasized, the "designation of the administrative record, like any established administrative procedure, is entitled to a presumption of administrative regularity" absent clear evidence to the contrary. *Bar MK Ranches*, 994 F.2d at 740. The absence of formal record keeping in compiling this record is not clear evidence overcoming the presumption that the administrative record is complete and accurate.

### 3. Omission of Letter from Counsel for Dairy Producers

Finally, Dairy Producers questions the absence in the administrative record of a letter sent by Benjamin Yale, on behalf of Select Milk Producers, to the Secretary of Agriculture. According to Dairy producers, the failure to include this letter in the administrative record indicates that either the record is incomplete, or that the agency did not consider all relevant material in rendering the decision. Defendant Secretary counters with two affidavits that the letter cannot be

6

located, was not received and as such was not considered by the Secretary. In the face of these affidavits attesting to the fact that the letter was not considered by the agency, the Court cannot say that the omission of the letter is evidence that the administrative record is incomplete. Furthermore, the Court's review of the agency decision must be made on the record before it, not upon materials not considered by the agency. Dairy Producers' objection concerning the letter cannot overcome the presumption that the certified record is complete and accurate.

## CONCLUSION

The Court finds that Dairy Producers' objections have no foundation in law or fact, and cannot overcome the presumption of administrative regularity of the certified record. As such, there is no basis upon which to allow the limited discovery sought by Dairy Producers to verify the completeness of the administrative record. The presumption of completeness in the certified administrative record must stand in light of Dairy Producers' failure to offer clear evidence to the contrary.

**WHEREFORE,**

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to the Administrative Record [**Doc. No. 20**] is hereby **OVERRULED**.

**DATED** this 3rd day of February, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Plaintiff's Attorneys
    Benjamin Yale
    J. Duke Thorton

Defendant's Attorneys
    John Zavitz
    Dennis Linder